UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G VINCENT LTD.,

    Plaintiff,

    v.

DUX AREA INC.,

    Defendant.

CASE NO. C09-383RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion (Dkt. # 25) of Plaintiff G Vincent Ltd. to compel Defendant Dux Area Inc. to comply with Local Patent Rule ("LPR") 121. For the reasons stated below, the court GRANTS the motion, orders Dux to provide appropriate LPR 121 disclosures by January 21, 2010, and orders Dux to pay G Vincent's reasonable attorney fees incurred in bringing this motion.

## II. BACKGROUND & ANALYSIS

G Vincent alleges, among other things, that Dux infringes two of its patents: United States Patent No. 7,007,404 B2 and United States Patent No. 7,234,649. Both patents cover spray gun technology for paints and other liquid surface applications.

On August 31, 2009, the court entered an order setting a trial date and related dates. That order is tailored to the Local Patent Rules, which this District adopted to "streamline the pre-trial and claim construction process, and generally to reduce the cost

ORDER – 1

of patent litigation." LPR 101.  The rules include provisions requiring the parties to exchange infringement, non-infringement, and invalidity contentions in a sequence that begins shortly after their initial scheduling conference.  LPR 120-125.  The initial burden falls on the plaintiff asserting infringement, who must provide a disclosure of asserted claims and infringement contentions in accordance with LPR 120.  The party accused of infringement is then obliged to disclose its non-infringement and invalidity contentions.  LPR 121.

G Vincent timely served its LPR 120 disclosures.  There is no challenge to the sufficiency of those disclosures, but the court notes that they appear to provide a detailed claim-term-by-claim-term comparison of the asserted claims of the patents-in-suit to two of Dux's spray guns.  Peterson Decl., Ex. B.

Dux responded with deficient LPR 121 disclosures.  The disclosures consist of nothing more than a chart reciting various claim terms, and utterly unexplained denials of infringement, along with what the court assumes are erroneously made denials of invalidity.  Peterson Decl., Ex. A (repeatedly stating "Denies direct and indirect Infringement and Invalidity").  Dux also declined to identify any prior art to support an invalidity defense, purporting to "reserve[] the right to allege prior art that anticipates each asserted claim as allowed by this rule and its subsections." *Id.*

LPR 121, by contrast, requires far more of Dux.  It requires, as to each asserted claim element, either an admission that the accused product contains the element or a denial that "set[s] forth in detail the basis for that contention." LPR 121(a).  As to any invalidity defense based on prior art, the rule requires specific identification of the prior art reference or references and an explanation of why the prior art invalidates one or more patent claims.  LPR 121(b)-(d).

G Vincent sought to meet and confer with Dux regarding its deficient disclosures.  Dux ignored at least one request, and attempted to delay responding to others.  The record reveals that Dux engaged in no meaningful discussion regarding its disclosures.  It

ORDER – 2

offered to permit G Vincent to discuss matters with its consulting engineer, but appears to have never even considered supplementing its disclosures. Even in its opposition to the instant motion, it takes the position that its disclosures are adequate. Its opposition brief claims that no more can be expected, because Dux has not taken discovery, has not completed its investigation of the case, and the court has not issued an order construing claims.

Not only are Dux's disclosures deficient, its justification for the deficiencies seems to willfully ignore the Local Patent Rules. The rules (as well as the court's scheduling order) establish that the parties must exchange infringement, non-infringement, and invalidity contentions in advance of the completion of discovery and well in advance of even beginning the process of obtaining a claim construction from the court. Dux's disclosures also suggest that it has a mistaken belief that it can supplement its LPR 121 disclosures whenever it feels the need. Instead, LPR 124 provides that amended disclosures are permitted only for "good cause," and typically only in circumstances where the party has a legitimate reason for not making a disclosure sooner. The court would have considered a properly supported request for an extension of time to make such disclosures, but Dux made no such request. Finally, the court finds no merit in Dux's suggestion that a meeting with its consulting engineer is an appropriate substitute for proper Rule 121 disclosures.

At this point, Dux has two options. It can either supplement its disclosures so that they comply with LPR 121, or the court will entertain a motion from G Vincent to construe the disclosures as an admission of infringement and an admission that the patents-in-suit are valid. As to invalidity, Dux's disclosures and statements in its opposition brief suggests that it has no invalidity defense based on prior art. It is therefore troubling that Dux's answer asserts several invalidity defenses for which prior art is a necessity. If it had no basis for those contentions, its answer would seem to violate Fed. R. Civ. P. 11.

ORDER – 3

The court therefore orders Dux to provide new LPR 121 disclosures no later than January 21, 2010. If it fails to do so, or if its new disclosures are deficient and the deficiencies are not remedied after meeting and conferring with G Vincent, the court will entertain whatever motion G Vincent chooses to bring. Dux faces the possibility that it will be deemed to have infringed both of the patents-in-suit, and to have no defense based on prior art.

Finally, the court grants G Vincent's request for attorney fees incurred in bringing this motion. The record reflects that Dux did not make a good faith effort to comply with the Local Patent Rules, and did not make a good faith effort to respond to G Vincent's attempts to obtain satisfactory disclosures. Under these circumstances, Dux forced G Vincent to bring a motion that it should not have had to bring. The court will require Dux to bear the financial consequences of that decision. Accordingly, the parties shall meet and confer in an effort to agree upon an appropriate attorney fee award. If they do so, no further action from the court is necessary. If they do not agree, G Vincent shall submit a motion for attorney fees no later than January 14, 2010.

### III.  CONCLUSION

For the reasons stated above, the court GRANTS G Vincent's motion (Dkt. # 25) to compel compliance with the Local Patent Rules and directs the parties to meet and confer regarding payment of G Vincent's attorney fees. Dux must provide new disclosures in accordance with this order no later than January 21, 2010.

DATED this 18th day of December, 2009.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 4